UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATSY EDWARDS, individually as Mother of deceased ALICIA EDWARDS, and as Representative of the Estate of ALICIA EDWARDS,<br><br>      Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>      Defendants. | Civil Action No. 1:08-1714 (CKK) |

MEMORANDUM OPINION
(May 26, 2009)

      Currently pending before this Court are Defendant Unity Health Care, Inc.'s ("Unity") [2] Motion to Dismiss and to Substitute Defendant, and Plaintiff's [8] Motion for Leave to File an Amended Complaint.  Upon consideration of the parties' motions and responsive briefing, as well as the applicable case law and statutory authority, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims against Unity.  Accordingly, for the reasons below, the Court shall GRANT Unity's Motion to Dismiss as to Plaintiff's claims against Unity pursuant to Rule 12(b)(1), and shall DENY Plaintiff's Motion for Leave to File an Amended Complaint.  In addition, because the Court lacks subject matter jurisdiction over Plaintiff's remaining claims, the Court shall REMAND this case back to the Superior Court for the District of Columbia.

**I. BACKGROUND**

      The above-captioned case was originally filed in the Superior Court for the District of Columbia on April 7, 2008, by Plaintiff, Pasty Edwards, both on her individual behalf as mother

of the deceased Alicia Edwards and as representative of the Estate of Alicia Edwards.  *See* Notice of Removal, Docket No. [1], Ex. A (Complaint) (hereinafter, "Compl.").  Plaintiff's claims arise from the suicide of her daughter, Alicia Edwards, while Ms. Edwards was being held at the District of Columbia Jail.  *See generally id.*  Plaintiff names as Defendants Unity and the District of Columbia (the "District," together with Unity, "Defendants")[1] and alleges that Defendants were negligent in providing mental health care to Ms. Edwards and in ensuring that Ms. Edwards was not a danger to herself.  *Id.* ¶ 15.  Plaintiff also alleges that Defendants failed to adequately provide a medical response upon discovering Ms. Edwards in the immediate moments after her suicide.  *Id.* ¶ 13.  Based on these allegations, Count One of Plaintiff's Complaint sets forth a survival cause of action, and Count Two sets forth a wrongful death cause of action.  *See id.* ¶¶ 6-26.

On October 10, 2008, Unity removed the instant case to this Court, *see* Notice of Removal at 1-2, and shortly thereafter filed a Motion to Dismiss and to Substitute Defendant, *see* Def.'s MTD.  In its filings, Unity explains that it is a grantee of the Department of Health and Human Services ("HHS") and that, by operation of statute, it has been deemed to be an employee of the United States for purposes of liability under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et. seq. Id.* at 2.  Because Plaintiff asserts tort claims against Unity seeking

---

[1] According to Plaintiff, she initially named the District and the Corrections Corporation of America as Defendants in this action based on an initial report that her daughter's death occurred in the Corrections Treatment Center.  *See* Pl.'s Mot. for Leave to Amend Compl., Docket No. [8], at 2.  Upon discovering that her daughter's death in fact occurred while Ms. Edwards was being held at the District of Columbia Jail, Plaintiff amended her Complaint to drop Corrections Corporation America as a defendant in this action and to add Unity, a contractor for the District who was responsible for providing medical services to the District of Columbia Jail, as a defendant.  *See id.*

monetary damages and because Unity is deemed an employee of the United States for purposes of the FTCA, Unity states that Plaintiff's claims are cognizable only under the FTCA. *See generally* Notice of Removal; Def.'s MTD at 2-5. However, because Plaintiff did not exhaust her administrative remedies under the FTCA prior to commencing the instant litigation, Unity argues that Plaintiff's claims must be dismissed for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Id.* at 3-5. In addition, because the United States (and not Unity) is the only proper defendant in an action under the FTCA, Unity moves to substitute the United States as Defendant in this action. *Id.* at 5-6

Significantly, Plaintiff filed a response indicating that she does ***not*** oppose Unity's motion. Pl.'s Resp. to Fed. Def.'s MTD, Docket No. [6]. Plaintiff explains in that response that she had not been aware prior to filing the Complaint in this matter on April 7, 2008, that Unity is a grantee of HHS and therefore had not filed an administrative tort claim as required under the FTCA. *See id.* Plaintiff advises the Court, however, that soon after filing the Complaint, she became aware that Unity is a grantee of HHS and therefore filed the requisite claim with HHS on August 8, 2008. *Id.* Plaintiff, by concession, therefore acknowledges that her claims against Unity are cognizable only under the FTCA, that she did not exhaust her administrative remedies prior to filing suit, and that the United States is the only proper defendant in this case. *See id.* Accordingly, Plaintiff indicates in her response to Unity's motion that she does not oppose dismissal of her Complaint as to Unity, so long as the dismissal is without prejudice. *See id.*

However, after Plaintiff filed her response indicating consent to dismiss—but before the Court had an opportunity to rule on that unopposed motion—Plaintiff filed a [8] Motion for Leave to File an Amended Complaint. Without acknowledging her previous filing agreeing to

dismissal of her claims against Unity, Plaintiff now asserts in her Motion for Leave that she should be permitted to amend her Complaint because she has now successfully exhausted her administrative remedies.  Mot. for Leave to File Am. Compl. at 1-2.  Unity filed an Opposition to Plaintiff's Motion for Leave, arguing that Plaintiff's failure to exhaust her administrative remedies prior to commencement of this action denies this Court subject matter jurisdiction over Plaintiff's FTCA claims and that this jurisdictional defect cannot be cured by filing an amended complaint.  Def.'s Opp'n at 2-4.  Plaintiff declined to file a reply in support of her motion seeking leave to amend her Complaint and therefore has not addressed Unity's argument that the subject matter jurisdiction defect in this case may not be remedied by an amending Plaintiff's complaint.[2]  The instant motions are now fully briefed and ripe for decision.

## II.  LEGAL STANDARD

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1).  In so doing, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a

---

[2]  The Court notes that the District has not filed a response to any of the motions at issue in this Memorandum Opinion.

document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Environmental Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

### III. DISCUSSION

As explained above, Plaintiff seeks to bring a tort suit against Unity and the District of Columbia seeking monetary damages arising from the death of Ms. Edwards while being held at the District of Columbia Jail. As is relevant to Plaintiff's tort claims against Unity, the parties agree that the sole basis for her claims is the FTCA. *See supra* p. 3. Generally, the FTCA provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). "The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims." *Rashad v. D.C. Central Detention Facility*, 570 F. Supp. 2d 20, 23 (D.D.C. 2008) (citing *Richards v. United States*, 369 U.S. 1, 6 (1962)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted).

In order to bring suit under the FTCA, a claimant must first exhaust his or her

administrative remedies. Specifically, section 2675(a) provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or . . . or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The plain language of the FTCA therefore bars a plaintiff from filing suit before he or she has exhausted these administrative remedies. *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process.") (emphasis added). Here, there is no dispute that Plaintiff did not administratively exhaust her remedies under the FTCA prior to filing her suit alleging tort claims against Unity, and this Court therefore lacks subject matter jurisdiction over Plaintiff's FTCA claims.[3]

---

[3] Although Plaintiff's Complaint mistakenly names Unity as Defendant, rather than the United States, Plaintiff acknowledges that she was informed of the error soon after filing her Complaint and filed the requisite administrative tort claim with HHS, as required, shortly thereafter. *See* Pl.'s Resp. to Fed. Def.'s MTD. Accordingly, despite Plaintiff's failure to timely substitute the United States as Defendant, as would have been appropriate, it is readily apparent that Plaintiff's Complaint advances claims that properly fall within the scope of the FTCA. As Judge Rosemary Collyer has observed, the question is not "whether the initial complaint was explicitly based on FTCA jurisdiction but whether that pleading advanced claims against the United States for money damages for injury 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Schneider v. Kissinger*, 310 F. Supp. 2d 251, 269 (D.D.C. 2004) (quoting 28 U.S.C. § 2675). Accordingly, the Court concludes that here, as in *Schneider*, the "initial complaint met the definition of the FTCA for 'a claim against the United States' under 28 U.S.C. § 2675(a)" and "it was necessary for the plaintiff[] to complete the administrative process before coming to court." *See id.* *Cf. Plyler v. United States*, 900 F.2d 41, 42-43 (4th Cir. 1990) (finding that plaintiff's failure to exhaust administrative remedies under FTCA before filing suit denied court subject matter jurisdiction over plaintiff's claims in tort, even though the plaintiff, at the time the suit

Moreover, as Unity correctly points out, the failure to exhaust administrative remedies *prior* to filing suit cannot be remedied by amending the complaint at a later date. *Rashad*, 570 F. Supp. 2d at 24 ("This defect [*i.e.*, failure to administratively exhaust under the FTCA] cannot be cured by amendment of the complaint at a later date."); *Ficken v. Rice*, No. Civ. A. 04-1132, 2006 WL 123931, *8 (D.D.C. Jan. 17, 2006) ("The plaintiffs' failure to exhaust is fatal to their claim, and the defect cannot be cured by amendment of the complaint at a later date."); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("as a general rule, a premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit") (internal quotation marks omitted); *Sparrow v. United States Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993) ("plaintiff's complaint cannot be cured through amendment, but instead, plaintiff must file a new suit"); *Johnson v. Allen*, No. Civ. A. 04-0316, 2005 WL 607911, *2 (D.D.C. Mar. 14, 2005) (plaintiff's "FTCA claim, then, is premature" and "[t]his defect cannot be cured by amendment of the complaint at a later date"). As the Tenth Circuit Court of Appeals aptly observed, "[a]llowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Duplan*, 188 F.3d at 1199.

Based on the reasoning set forth in the many decisions cited above, the Court is persuaded that, "[b]ecause § 2675(a) of the FTCA requires that an administrative claim be finalized at the time the complaint is filed, plaintiff's complaint cannot be cured through amendment, but instead, plaintiff must file a new suit." *Sparrow*, 825 F. Supp. at 255.

---

was filed in state court, had not yet discovered that the United States was the proper defendant).

Significantly, Plaintiff declined to respond to Unity's opposition to her motion seeking leave to amend and has therefore failed to provide the Court with any case law or legal authority to the contrary. Accordingly, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's FTCA claims, which were filed before the exhaustion requirement under section 2675(a) was satisfied, and that this jurisdictional defect cannot be cured by the filing of an amended complaint. The Court therefore shall DENY Plaintiff's Motion for Leave to File an Amended Complaint as futile. *James Madison, Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir.1996); *see also* 3 Moore's Federal Practice § 15.15[3] (3d ed. 2000) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, . . . or could not withstand a motion to dismiss."). The Court shall also GRANT Unity's Motion to Dismiss Plaintiff's FTCA claims against Unity for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1),[4] which dismissal shall be without prejudice.[5]

The Court is therefore left with Plaintiff's tort claims against the District based upon D.C. Statute §§ 12-101 and 16-2701. *See* Compl. ¶¶ 6, 22. Although neither party raises the question of this Court's jurisdiction over Plaintiff's remaining claims, "as a court of limited jurisdiction, a federal district court has an 'affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.'" *Nikbin v. Islamic Rep. of Iran*, 471 F. Supp. 2d 53, 58 (D.D.C.

---

[4] Given the Court's conclusion that it lacks subject matter over Plaintiff's FTCA claims and that these claims—which are the only claims against Unity in this case—must be dismissed, Unity's request to substitute the United States as Defendant shall be denied as moot.

[5] The Court notes that, as Plaintiff has now exhausted her administrative remedies under the FTCA, she may re-file this suit against the United States. Accordingly, the Court is not persuaded by Plaintiff's assertion that "her ability to pursue her case . . . will be severely damaged" if she is precluded from filing an amended complaint. *See* Pl.'s Mem. in Support of its Mot. for Leave to File Amended Complaint, at 4-5.

2007) (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001)).  Accordingly, as the D.C. Circuit has explained, "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court *must* remand the case."  *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c) (emphasis added)).  Because removal implicates significant federalism concerns, a court must "strictly construe[] the scope of its removal jurisdiction."  *Downey v. Ambassador Devel., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)).  "'[I]f federal jurisdiction is doubtful, a remand to state court is necessary.'"  *Id.* (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc)); *see also Johnson-Brown v. 2200 M. St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) ("Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand.").  Having now dismissed Plaintiff's FTCA claims, all that remains are Plaintiff's tort claims, brought under District law, against the District.  *See* Compl. ¶¶ 2, 6, 22.  As Plaintiff is herself a resident of the District, *id.* ¶ 5, it is readily apparent that this Court lacks subject matter jurisdiction over Plaintiff's state-law claims against the District.  The Court therefore REMANDS this case back to the Superior Court for the District of Columbia pursuant to 28 U.S.C. § 1447(c).

### III.  CONCLUSION

For the reasons stated above, the Court GRANTS-IN-PART and DENIES-IN-PART-AS-MOOT Unity's [2] Motion to Dismiss and to Substitute Defendant.  Specifically, Unity's Motion is granted as to the request to dismiss Plaintiff's claims against Unity for lack of subject matter

pursuant to Rule 12(b)(1), but is denied as moot with respect to the request to substitute the United States as defendant. In addition, the Court DENIES Plaintiff's [8] Motion for Leave to File an Amended Complaint. Finally, the Court REMANDS Plaintiff's remaining claims back to the Superior Court for the District of Columbia pursuant to 28 U.S.C. § 1447(c).

Date: May 26, 2009

                                             /s/
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge